IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| IN RE: JOHN A. D'ANDREA, JR.<br>**Debtor(s)** | ) | CHAPTER 13 |
| | ) | |
| SANTANDER CONSUMER USA INC.,<br>AN ASSIGNEE OF FIFTH THIRD BANK<br>**Moving Party** | )<br>)<br>) | CASE NO. 19-10865 (ELF) |
| | ) | HEARING DATE: **6-15-21 at 9:30 AM** |
| v. | ) | |
| | ) | |
| JOHN A. D'ANDREA, JR.<br>**Respondent(s)** | )<br>) | 11 U.S.C. 362 |
| | ) | |
| WILLIAM C. MILLER<br>**Trustee** | )<br>) | |
| | ) | |
| _____ | ) | |

## <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Santander Consumer USA, Inc., an assignee of Fifth Third Bank ("Santander") filing this its Motion For Relief From The Automatic Stay ("Motion"), and in support thereof, would respectfully show:

1. That on February 11, 2019, John A. D'Andrea, Jr. filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, and 28 U.S.C. 157 and 1334.

3. On February 5, 2014, the Debtor entered into a retail installment contract for the purchase of a 2011 Lincoln MKT bearing vehicle identification number 2LMHJ5AR5BBJ54232. The contract was assigned to Fifth Third Bank and the Debtor became indebted to Fifth Third Bank in accordance with the terms of same. Fifth Third Bank is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle. A true copy of the contract and title to the vehicle are annexed hereto as Exhibits A and B. Santander Consumer USA Inc. is an assignee of Fifth Third Bank.

4. As of May 18, 2021, the Debtor's account with Santander had a net loan balance of $5,977.01.

5. According to the May 2021 NADA Official Used Car Guide, the vehicle has a current retail value of $6,050.00.

6. The Debtor lists the vehicle as being surrendered in his Chapter 13 Plan.

7. The account matured, so the account is past due for the entire loan balance of $5,977.01.

8. Santander Consumer USA Inc., an assignee of Fifth Third Bank alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Santander lacks adequate protection of its interest in the vehicle as evidenced by the following:

(a) The Debtor lists the vehicle as being surrendered in his Chapter 13 Plan; Santander requires stay relief in order to secure, process, and sell it.

(b) The Debtor is failing to make payments under the terms of the contract and is failing to provide Santander with adequate protection.

WHEREFORE PREMISES CONSIDERED, Santander Consumer USA Inc. respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Santander to permit Santander to seek its statutory and other available remedies; (2) that the stay terminate immediately upon entry of this Order, with a waiver of Fed.R.Bank.P., Rule 4001(a)(3) and (3) Santander be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Attorney ID: 92329
Local Counsel for Santander Consumer USA Inc.
an assignee of Fifth Third Bank